```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
SHERYL D. NEWBURY,

                        Plaintiff,          05-CV-0475

            v.                              DECISION
                                            and ORDER
JO ANNE B. BARNHART, Commissioner
of Social Security

                        Defendant.
_____
```

### INTRODUCTION

Plaintiff Sheryl D. Newbury ("Plaintiff") brings this action pursuant to the Social Security Act § 216(I), § 223 and § 1614(a)(3)(A), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her applications for Disability Insurance Benefits and Supplemental Security Income ("SSI") benefits.[1] Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") Thomas Mancuso denying her applications for benefits was against the weight of substantial evidence contained in the record and contrary to applicable legal standards.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)("Rule 12©"), on the grounds that the ALJ's decision was supported by substantial evidence. Plaintiff opposes

---

[1] This case was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated April 5, 2007.

the Commissioner's motion, and cross-moves for judgment on the pleadings, on the grounds that the Commissioner's decision was erroneous. The Court finds that the decision of the Commissioner is supported by substantial evidence, and is in accordance with applicable law and therefore the Commissioner's motion for judgment on the pleadings is hereby granted.

## BACKGROUND

On February 21, 2003, Plaintiff, at that time 46 years old, filed applications for Disability Insurance and SSI Benefits. Plaintiff alleged a disability since November 1, 2002, due to back problems, neck pain, neuropathy, arthritis, migraine headaches, asthma, allergies, gastroesophageal reflex disease, depression and anxiety. Plaintiff's application was denied on May 5, 2003. Thereafter, Plaintiff requested and appeared, with a non-attorney disability representative, in an administrative hearing before ALJ Thomas Mancuso ("ALJ") which took place on August 16, 2004.

In a decision dated October 26, 2004, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Board denied Plaintiff's request for review on March 17, 2005. On July 7, 2005, Plaintiff filed this action.

**DISCUSSION**

I. **Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that her decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12©. Judgment on the pleadings may be granted under Rule 12© where the material facts

are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of her claim which would entitle her to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**II.  The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record.**

The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. In doing so, the ALJ adhered to the Social Security Administration's 5-Step sequential evaluation analysis for evaluating applications for disability benefits. See 20 C.F.R. § 404.1520.[2] Under Step 1 of the process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. (Transcript of Administrative Proceedings at page 27) (hereinafter "T.").

At Steps 2 and 3, the ALJ concluded that Plaintiff's impairments, such as, asthma, mild degenerative joint disease, obesity, and dysthymia, which were severe within the meaning of the

---

[2] Five-step analysis includes: (1) ALJ considers whether claimant is currently engaged in substantial gainful activity; (2) if not, ALJ considers whether claimant has severe impairment which significantly limits his physical or mental ability to do basic work activities; (3) if claimant suffers such impairment, third inquiry is whether, based solely on medical evidence, claimant has impairment which is listed in regulations Appendix 1, and if so, claimant will be considered disabled without considering vocational factors; (4) if claimant does not have listed impairment, fourth inquiry is whether, despite claimant's severe impairment, he has residual functional capacity to perform his past work; and (5) if claimant is unable to perform past work, ALJ determines whether claimant could perform other work. See id.

Regulations, were not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4. (T. at 23, 27). Further, at Steps 4 and 5, the ALJ concluded that Plaintiff retained the residual functional capacity to perform simple one step tasks at the light and sedentary exertion level. (T. at 25, 27). The ALJ determined that Plaintiff could perform work involving lifting no more than twenty pounds occasionally and ten pounds frequently, with an alternate sit/stand option. (T. at 25, 27). Plaintiff was to avoid irritants such as dust and smoke, and was restricted to minimal public contact. (T. at 25, 27). The ALJ also found that Plaintiff had no significant postural, manipulative, visual or communicative limitations. (T. at 25, 27).

Further, the ALJ found that Plaintiff's past jobs as a packer, a medical receptionist, an administrative assistant, and a cashier/stocker exceeded the exertional requirements of her residual functional capacity and therefore, Plaintiff could not perform her past relevant work. (T. at 26, 27). The ALJ concluded that Plaintiff was not disabled as she was capable of making a successful adjustment to other work in the national economy. (T. at 27, 28).

Based on the entire record, and particularly the medical evidence in the record, I find that the ALJ properly concluded that

Plaintiff was not disabled within the meaning of the Social Security Act.

   A.   <u>The ALJ properly evaluated the medical opinions and assessments in the record.</u>

The ALJ properly relied upon substantial objective evidence as well as Plaintiff's own testimony, in weighing the opinions of Plaintiff's physicians. The ALJ primarily relied upon the opinion of Plaintiff's consultative examining physician, Dr. Dina, in concluding that Plaintiff retained the residual functional capacity to perform simple one step tasks at a light and sedentary level. (T. at 25).

In April 2003, Dr. Dina conducted an extensive evaluation of Plaintiff's medical conditions, including a range of motion studies. (T. at 25). Dr. Dina opined that Plaintiff had no motor or sensory deficits and no muscle atrophy. (T. at 163). Further, Dr. Dina claimed that Plaintiff had no functional limitations for hypertension, carpal tunnel syndrome and asthma and also found that for Plaintiff's low back pain/strain, Plaintiff had more subjective complaints than the objective findings. (T. at 164). During her examination, Dr. Dina found that Plaintiff could squat half way, could walk on heels and toes without difficulty and needed no help in changing, getting on and off the exam table, or rising from a chair. (T. at 20). Additionally, Plaintiff claimed that she could cook, clean, do laundry, shop, tend to her personal needs such as

bathing and dressing, watch television and play games on the computer. (T. at 20).

Dr. Dina concluded that Plaintiff had only mild limitations and environmental restrictions in working around irritants, and was to avoid activities that involved repetitive bending, squatting and lifting medium weights on a persistent basis. (T. at 164). Dr. Dina's findings were also supported by Plaintiff's evaluating rheumatologist, Dr. Ambrus who, in March 2004 reported that Plaintiff had a full range of motion of most of her joints, normal muscle strength, and no focal neurological deficits. (T. at 267).

Further, the ALJ found that Plaintiff's allegations were inconsistent with her activities and lifestyle. (T. at 25). Plaintiff claimed that she prepared meals, did laundry, washed dishes, dusted and swept the floor. (T. at 357, 365-66). Plaintiff also testified that she vacuumed the floor every day. (T. at 366). Plaintiff also read, watched television, knitted and did embroidery. (T. at 370-72). I find that in light of Plaintiff's level of activities and the medical evidence in the record, the ALJ correctly afforded appropriate weight to Dr. Dina's opinions and assessments.

The ALJ also properly weighed opinions regarding Plaintiff's mental condition by giving considerable weight to Plaintiff's consulting psychiatrist, Dr. Hill. In April 2003, Dr. Hill found that Plaintiff had no significant mental illnesses, maintained

attention and concentration, could consistently perform simple tasks and learn new tasks, could relate adequately with others and could perform complex tasks independently. (T. at 25, 159).

However, Plaintiff argues that the ALJ should have properly considered the opinions and medical assessments of Plaintiff's psychiatrist, Dr. Grace. (Pl. Br. at 6-9). On April 23, 2004, Dr. Grace opined that Plaintiff was disabled but could return to work on April 22, 2006. (T. at 282, 335). On December 3, 2004, Dr. Grace submitted another opinion to the Social Security Appeals Board stating that Plaintiff was disabled. (T. at 338). Plaintiff claims that the ALJ should have credited Dr. Grace's findings that Plaintiff was disabled. (Pl. Br. 6-9).[3]

The Social Security regulations provide that determination of an individual's disability is an issue reserved for the Commissioner who is required to consider all relevant medical evidence in the record in determining whether an individual meets the statutory definition of disability. 20 C.F.R. §§ 404.1527(e)(1) and 416.927(e)(1). Therefore, the weight to be given to Dr. Grace's opinion was an issue reserved for the Commissioner.

Dr. Grace also gave an opinion regarding Plaintiff's residual functional capacity. Dr. Grace expressed opinions regarding factors

---

[3] Plaintiff mischaracterizes the responsibility assigned to the Commissioner by the Social Security Act. See 20 C.F.R. § 404.1527(e). Opinions on some issues, including the opinion given by Dr. Grace that plaintiff was disabled is considered a medical source opinion reserved to the Commissioner because it is an administrative finding that is dispositive of a case. See id. Further, the Commissioner has the ultimate responsibility for determining a claimant's residual functional capacity. See 20 C.F.R. § 404.1527(e)(3). Thus, plaintiff is not entitled to an explanation of the reasons for the ALJ's refusal to credit Dr. Grace's findings.

that might affect Plaintiff's job performance unfavorably, and assessed Plaintiff's ability to perform work-related mental activities. (T. at 335-38). Plaintiff argues that the ALJ did not explain why he did not given controlling weight to Dr. Grace's assessments regarding Plaintiff's residual functional capacity. (Pl. Br. at 7).

The Social Security regulations provide that although the Commissioner considers opinions from medical sources regarding Plaintiff's residual functional capacity, the final responsibility for deciding a claimant's residual functional capacity is reserved for the Commissioner. 20 C.F.R. §§ 404. 1527(e)(3) and 416.927(e)(3). Therefore, Dr. Grace's medical assessments regarding Plaintiff's residual functional capacity concerned an issue explicitly reserved for the Commissioner to determine.

In light of the evidence contained in the record, I find that the ALJ properly relied upon substantial objective evidence, the opinions of other physicians and was correct in affording little weight to Dr. Grace's opinion.

    B.   <u>The ALJ's residual functional capacity finding was supported by substantial evidence in the record.</u>

The ALJ found that Plaintiff was capable of light and sedentary work limited by her inability to perform work requiring more than simple, one step tasks, and jobs that do not involve lifting more than twenty pounds occasionally and ten pounds frequently, with a sit/stand option. (T. at 25). Plaintiff alleges

that the ALJ, in his finding of Plaintiff's residual functional capacity, did not include all of Plaintiff's limitations, such as her physical limitations due to her carpal tunnel syndrome and her mental limitations. (Pl. Br. 9-10).

Plaintiff's argument that she had physical limitations due to her carpal tunnel syndrome is inconsistent with Dr. Dina's findings. Dr. Dina specifically found that Plaintiff had a grip strength of 5/5 bilaterally, and her pincer strength, grasping, tying, pulling, zip, and unzip were all normal. (T. at 164). Additionally, Dr. Dina found that Plaintiff had intact hand and finger dexterity, which would not be possible if Plaintiff had physical limitations due to carpal tunnel syndrome.

Further, Plaintiff alleges that the ALJ's finding concerning the Plaintiff's residual functional capacity failed to consider Plaintiff's mental limitations to interact appropriately with the general public. (Pl. Br. at 9). However, the record reveals that the ALJ, in his hypothetical question to the vocational expert Dr. Fred Monaco, acknowledged that the hypothetical individual (the Plaintiff) had limited ability to interact appropriately with the general public. (T. at 381).

I find that the ALJ correctly considered all of Plaintiff's physical as well as mental limitations in assessing Plaintiff's residual functional capacity.

**CONCLUSION**

For the reasons set forth above, I grant the Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.


S/Michael A. Telesca

_____

MICHAEL A. TELESCA
United States District Judge


Dated:     Rochester, New York
           June 27, 2007